## COMMONWEALTH *vs.* EDWARD HARPER.

In an indictment for libel, in charging the prosecutor with being licentious, if the defendant has introduced the testimony of a married woman that the prosecutor once sought illicit intercourse with her, he cannot be allowed to prove in addition that she immediately complained thereof to her husband.

INDICTMENT for a libel upon Sebeus C. Maine. A portion of the matter set forth as libellous was contained in these words: " This lying and licentious scoundrel."

At the trial in the superior court, before *Russell*, J., the defendant set up the truth in justification, and called as a witness a married woman who testified that on one occasion about nine years ago Maine sought to have illicit intercourse with her, and that she immediately wrote to her husband, who was then absent from home, informing him of it. The defendant then offered the husband as a witness to prove the reception of the letter, and to produce it; but the evidence was rejected. Maine was called by the government as a witness, and denied the truth of the woman's testimony; and the jury found a verdict of guilty. The defendant alleged exceptions.

*E. W. Kimball,* for the defendant. Similar evidence to that offered here is admissible in cases of rape, as a part of the *res gestæ,* and also upon the question of the credibility of the witness. 3 Greenl. Ev. § 213. 1 Russell on Crimes, (7th Amer. ed.) 689, 690. *The People* v. *McGee,* 1 Denio, 19. Upon the same principle, it should have been admitted here.

*Foster,* A. G., for the Commonwealth.

BIGELOW, C. J.    The inquiry put to the witness was clearly incompetent.    It was wholly immaterial and irrelevant to the issue to show that she had made similar statements to those testified to by her at the trial to third persons on a previous occasion.    The sole object of the inquiry was to corroborate her testimony.    But this could not be done by proof that she had communicated to others the same facts as those which she had just stated to the jury, especially on the examination in chief, and before any attempt to impeach her testimony had been offered.    This point was distinctly adjudged in *Deshon* v. *Merchants' Ins. Co.* 11 Met. 199, 209.    Even if the evidence had been elicited on cross-examination of the witness, or if it had been otherwise shown that she had made on former occasions statements different from or contradictory of those to which she had testified on the trial, it would not have been competent to show that on still earlier occasions she had stated facts in accordance with her present testimony.    This was settled on full consideration, and for the most satisfactory reasons, in *Commonwealth* v. *Jenkins*, 10 Gray, 485.                    *Exceptions overruled*